LeCLAIR RYAN, a Professional Corporation
Michael T. Conway, Esq.
Mikelle V. Komor, Esq.
885 Third Avenue, Sixteenth Floor
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062

Attorneys for Defendant/Respondent
  Capital One, National Association

**JUDGE COTE**  **11 CIV 8610**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| CAPITAL ONE, National Association, | Case No. _____ |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| MARSON CONTRACTING CO. INC., a New York Corporation; MARBRO REALTY CO., INC., a New York Corporation; HOWARD SORKIN; UNITED AIRCONDITIONING CORP. II; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY DEPARTMENT OF FINANCE; JOHN DOE #1 through John DOE #10, said names being fictitious and unknown to plaintiff, the persons or parties unknown to plaintiff, the persons or parties being the tenants, occupants, persons, corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint, | |
| Defendants. | |

By way of Complaint, Plaintiff Capital One, National Association (at times, "Plaintiff" or "Capital One" or the "Bank"), by and through its attorneys, LeClairRyan, a Professional Corporation, complaining of Defendants, alleges as follows:

## THE PARTIES

1. Plaintiff Capital One is a federally-chartered, national banking association having its principal place of business located in McLean, Virginia. Capital One is the successor by merger to North Fork Bank.

2. Defendant Marson Contracting Co. Inc. ("Marson" or "Borrower") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 414 East 203rd Street, Bronx, New York 10467.

3. Defendant Marbro Realty Co., Inc. ("Marbro" or "Mortgagor") is a corporation organized and existing under the laws of the State of New York, having its principal place of business and offices located at 414 East 203rd Street, Bronx, New York 10467 and is a guarantor of the debts due and owing from Marson to Capital One.

4. Defendant Howard Sorkin is an individual having an address of c/o Sierra Assets, Ltd., 30 Glenn Street, White Plains, New York 10613.

5. United Airconditioning Corp. II is a corporation organized and existing under the laws of the State of New York having a principal place of business at 52-16 34th Street, Long Island City, New York 11101.

6. Upon information and belief. Travelers Casualty & Surety Company of America is a corporation organized and existing under the laws of the State of Connecticut and having a principal place of business at One Tower Square, Hartford, Connecticut 06183.

7. The New York State Department of Taxation and Finance is a department of the New York State government having a principal business address of Building 9, W.A. Harriman Campus, Albany, New York 12227.

8. New York City Department of Finance is a department of the New York City local government having a principal business address at 100 Church Street, New York, New York 10007.

## SUBJECT MATTER JURISDICTION

9. Federal subject matter jurisdiction is founded upon 28 U.S.C. § 1332(a)(1), in that the within action is between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## VENUE

10. Venue of the within action is properly placed within this Court, pursuant to 28 U.S.C. § 1391(b)(2), because the real property which is the subject of the within action is located in this judicial district.

## THE LOAN DOCUMENTS AND DEFENDANTS DEFAULTS THEREUNDER

11. On or about September 16, 2004, Capital One extended a line of credit to Marson in the principal amount of One Million ($1,000,000.00) Dollars pursuant to a promissory note and/or credit agreement, which line of credit was amended, extended and renewed from time to time (the "Line of Credit").

12. As further security for the Line of Credit given to Marson by Capital One and in order to secure repayment of the sums loaned by Capital One to Marson, defendant Marrano executed and delivered to Capital One a Personal Guaranty of All Liability dated September 16, 2004 (the "Marson Guaranty"), pursuant to which Marrano promised, among other things, among other things, to absolutely and unconditionally guarantee to the Bank Marson's performance under the Line of Credit and related loan documents, as well as payment of all sums due and to become due under the Line of Credit to the Bank from Marson at any time, and in any

amount, including, but not limited to, all principal, accrued interest, default interest, late fees, attorneys' fees, and other costs, amounts and charges.

13. As further security for the Line of Credit given to Marson by Capital One, as and in order to secure repayment of same, defendant Marbro executed and delivered to Capital One a Commercial Guaranty dated April 1, 2007, (the "Marbro Guaranty") pursuant to which Marbro promised, among other things, to absolutely and unconditionally guarantee to the Bank Marson's performance under the Line of Credit and related loan documents, as well as payment of all sums due and to become due under the Line of Credit to the Bank from Marson at any time, and in any amount, including, but not limited to, all principal, accrued interest, default interest, late fees, attorneys' fees, and other costs, amounts and charges.

14. As further security for the amounts due or to become due under the Line of Credit and in order to more fully secure its obligations as guarantor of the indebtedness of Marson to Capital One under the Marbro Guaranty, on August 1, 2007, Marbro executed and delivered a Mortgage to North Fork dated August 1, 2007 in the amount of One Million ($1,000,000.00) Dollars (the "Mortgage"), covering the real property and improvements known as and located at 3084 Webster Avenue, Bronx, New York, Block 3330, Lot 52; 401 East 203rd Street, Bronx New York, Block 3330, Lot 55 and 414 East 203rd Street, Bronx, New York, Block 3330, Lot 57 (the "Mortgaged Premises").

15. The Mortgage was recorded on January 5, 2010 in Office of the City Register of the City of New York in CRFN 2010000001742 and at time of recording the mortgage recording tax was duly paid. A copy of the Mortgage is annexed hereto as <u>Exhibit "A"</u>, which terms are incorporated by reference herein.

16. On June 1, 2010, Marson executed a Restated Promissory Note (the "Restated Note") in favor of Capital One which acknowledged Marson's obligation to, among other things, pay to Capital One the principal amount of One Million ($1,000,000.00) Dollars plus interest and other charges due under the Line of Credit. A copy of the Restated Note is annexed hereto as Exhibit "B", which terms are incorporated by reference herein.

17. Pursuant to the terms of the Restated Note, Marson promised to, among other things, pay interest on the unpaid principal balance of the amount due and owing to the Bank at the Bank's Prime Rate plus 1% per annum payable July 1, 2010 and on the 1st day of each month thereafter until August 1, 2010, when all unpaid principal, interest and other sums due and owing to the Bank would be paid in full.

18. Pursuant to the terms of the Restated Note, Marson agreed, among other things, that if it defaulted on the Restated Noted, the interest rate applicable to all amounts due under the Restated Note would increase by five (5%) percent.

19. Pursuant to the terms of the Restated Note, Marson agreed, among other things, to pay a late charge on any sums which are paid ten (10) days or more after they become due, equal to four (4.0%) percent of the payment due.

20. Pursuant to the terms of the Restated Note, Marson agreed, among other things, that upon the occurrence of an event of default it would pay the Bank's reasonable attorneys' fees, costs and expenses in connection with, among other things, collection of the indebtedness due or to become due under the Restated Note or any other document or instrument given to the Bank.

21. On about August 1, 2010, Marson and Capital One entered into an Agreement Regarding Note Modification (the "Modification Agreement") dated August 1, 2010, which
5

Modification Agreement, among other things, extended the maturity date of the Note from August 1, 2010 to March 1, 2011 (the "Maturity Date") and froze the Line of Credit to Marson so that no further advances under the Line of Credit were permitted. A copy of the Modification Agreement is annexed hereto as <u>Exhibit "C"</u>, which terms are incorporated by reference herein.

22. Pursuant to the terms of the Modification Agreement, Marson expressly acknowledged, ratified and confirmed the terms, provisions and conditions of the Restated Note and the security for same to be in full force and effect except as expressly modified by the Modification Agreement.

23. Pursuant to the terms of the Modification Agreement, Marson expressly acknowledged the indebtedness to the Bank in the original principal amount of One Million ($1,000,000.00) Dollars, and further acknowledged the amount of unpaid principal due and owing from Marson to the Bank as of August 1, 2010 in the amount of Eight Hundred Fifteen Thousand ($815,000.00) Dollars.

24. Marson defaulted on the Modification Agreement by failing to pay the entire amount due and owing under the Line of Credit on the Maturity Date of March 1, 2011 pursuant to the terms of the Modification Agreement. Failure to pay to the Bank all amounts due and owing upon the Maturity Date constitutes a default under the terms of the Modification Agreement, the Line of Credit and the Mortgage securing same.

25. By Notice of Default dated March 22, 2011, defendants Marson and Marbro were notified that they were in default of their obligations under the Modification Agreement, Marrano Guaranty and Marbro Guaranty due to their failure to pay the entire outstanding balance due and owing on the Line of Credit together with all accrued interest and any other amounts which became due and owing in full on the Maturity Date of March 1, 2011. A copy of the

Notice of Default is annexed hereto as <u>Exhibit "D"</u>, which terms are incorporated by reference herein.

26. Despite due demand, the amounts due and owing under the matured Line of Credit have not been paid per the terms of the Modification Agreement and such amounts remain due and owing to the Bank together with interest and other charges accruing thereon.

27. By reason of the foregoing default, there is now due and owing from Marson to the Bank the principal sum of $815,000.00 plus interest at the rates contained in the Modification Agreement, late charges, attorney's fees, costs and disbursements, escrow advances, and any other fees to protect and preserve the Mortgaged Premises and/or otherwise permitted by the Restated Note, Modification Agreement and Mortgage.

28. Guarantors Marbro and Marrano have failed to make payment of the amounts due and owing to the Bank under the Modification Agreement despite their obligation to make such payment under the Marbro Guaranty and the Marrano Guaranty.

29. By reason of the foregoing default on the Restated Note and Modification Agreement, the Mortgage given by Marbro to the Bank is in default.

30. Plaintiff has elected and hereby reiterates its intention to demand payment in full of any and all amounts due and owing under the matured Line of Credit pursuant to the terms of the Restated Note, Modification Agreement and Mortgage, which amounts are secured by the Mortgage given by Marbro to the Bank.

31. Plaintiff is entitled to the recovery of attorneys' fees, costs and disbursements incurred in this action pursuant to Paragraph R-3 of the Rider annexed to the Mortgage.

32. In the event that the Bank possesses any other lien(s) against said Mortgaged Premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such

other lien(s) shall not be merged in plaintiff's cause(s) of action set forth in this complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

33. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective until the costs and disbursements of this action and any and all amounts due and owing under the Restated Note, Modification Agreement and Mortgage occurring prior to the discontinuance of this action are fully paid.

34. That in order to protect its security, Plaintiff may be compelled, during the pendency of this action, to pay taxes, assessments, water charges, sewer rents, vault charges, fire insurance premiums or other charges affecting the Mortgaged Premises, including amounts that may be due to any receiver appointed by the Court in this action and amounts that may be due for labor and materials furnished or to be furnished thereto including materials and services to protect and maintain the Mortgaged Premises and including materials and services to guard and secure the Mortgaged Premises, (whether such amounts shall have been incurred by the present or any prior owner of the Premises, any Receiver who may be appointed in this action, or the plaintiff in exercise of its rights under the Restated Note, Modification Agreement and Mortgage), and will incur expenses (including counsel fees) for the legal services of the Bank's attorneys in the institution and prosecution of this action, and, pursuant to the Mortgage, said expenditures are secured thereby; any sums so paid or incurred by it shall be added to the sums

otherwise due and be deemed secured by the Mortgages and adjudged a valid lien on the Premises.

35. That the Plaintiff is now the sole, true and lawful owner of the said Restated Note, Modification Agreement, and the Mortgage securing same, and there are no pending proceedings at law or otherwise to collect or enforce Plaintiff's interest therein.

36. Defendant Howard Sorkin is made a Defendant herein by virtue of a Mortgage given by Defendant Marbro to Hudson Valley Bank on October 14, 2005 in the principal amount of $890,000.00, covering that portion of the Mortgaged Premises commonly known as 414 East 203rd Street, Bronx, New York a/k/a Block 3330, Lot 57, which mortgage was recorded in the Office of the City Register for the City of New York on November 29, 2005 in CRFN 2005000658129. The mortgage was assigned by Hudson Valley Bank to Howard Sorkin by virtue of an Assignment of Mortgage dated July 28, 2011 and recorded on August 24, 2011 in Office of the City Register of the City of New York in CRFN 2011000299207. The mortgage held by Howard Sorkin is superior to that held by Plaintiff as to the parcel located at 414 East 203rd Street, Bronx only, an Howard Sorkin is named herein solely for the purposes of notice of the instant action.

37. United Airconditioning Corp. II is named as a defendant herein by virtue of a mechanics lien filed on July 6, 2011 against Marbro and Marson in the Bronx County Clerk's Office in Control No. 001353925-01, which lien is subordinate to the Plaintiff's Mortgage.

38. Travelers Casualty & Surety Company of America is named as defendant herein by virtue of a judgment docketed in the Bronx County Clerk's Office on June 7, 2011 under Index Number 304993-11, which judgment is subordinate to the Plaintiff's Mortgage.

39. The New York State Department of Taxation and Finance is named herein as a defendant due to unpaid franchise taxes which may be due and owing to it from Marbro, which are subordinate to the Plaintiff's Mortgage.

40. New York City Department of Finance is named herein as a defendant due to unpaid city business taxes which may be due and owing to it from Marbro, which are subordinate to the Plaintiff's Mortgage.

41. John Doe #1 through John Doe #10, the true names of said defendants being unknown at this time, are included herein as defendants to foreclose their right, title and interest in and to the Mortgaged Premises.

42. Upon information and belief, each of the Defendants, including but not limited to the aforementioned Defendants, with the exception of Howard Sorkin as set forth above, have or claim to have some interest in, or lien upon, the said Premises or some part thereof, which interest or lien, if any, is subject and subordinate to the lien of the plaintiff's Mortgages.

43. That if the Mortgaged Premises consist of more than one parcel, Plaintiff respectfully requests that the judgment of foreclosure provide for the parcels to be sold as one parcel as provided for in Paragraph 11 of the Mortgage.

44. Plaintiff has no adequate remedy at law.

45. No other action has been commenced at law or otherwise for the recovery of the indebtedness evidenced and secured by the Mortgage.

46. The Mortgaged Premises are subject to, and should be sold subject to the following and as existing at the time of delivery of the Referee's deed:

(a) any state of facts an accurate survey of the Premises would show;

(b) encroachments, covenants, restrictions and easements of record;

(c) the lien of street vault charges, if any;

(d) any violations of record, including but not limited to any sidewalk repair notices and violations;

(e) building and zoning restrictions and ordinances of the municipality in which the Premises are located and possible violations of same;

(f) any state of facts a physical inspection of the Premises would disclose;

(g) rights, if any, of tenants or persons in possession of the subject Premises;

(h) the right of the United States of America to redeem as stated by law.

**WHEREFORE,** Plaintiff Capital One, National Association, prays that this Court enter judgment in its favor and against Defendants, granting or awarding judgment as follows:

1. That the Defendants named herein, and each of them, and all persons claiming under them or any of them, except for Howard Sorkin, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Mortgaged Premises and each and every part and parcel thereof;

2. That the Mortgaged Premises be decreed to be sold subject to the provisions of paragraph 47 herein and according to law;

3. That the monies arising from the sale thereof may be brought into Court;

4. That Plaintiff may be paid the amounts due on the Restated Note, Modification Agreement and Mortgage, and as hereinbefore set forth, with interest and all other charges due thereon, computed as provided therein to the time of such payment, and also be paid the expense of such sale, together with the costs, allowances and disbursements of this action, and the expense (including counsel fees) for the legal services of Plaintiff's attorneys in the institution and prosecution of this action, together with any monies advanced and paid pursuant to any term

or provision of the Restated Note, Modification Agreement and Mortgage, or advanced and paid to protect the liens of the Mortgage, together with taxes, water and sewer charges and other charges and liens thereon to be paid, including amounts that may be due to any receiver appointed by the Court in this action, and amounts that may be due for labor and materials furnished or to be furnished thereto including materials and services to protect and maintain the Mortgaged Premises and including materials and services to guard and secure the Mortgaged Premises (whether such amounts shall have been incurred by the present or any prior owner of the Mortgaged Premises, and Receiver who may be appointed in this action), with interest upon said amounts from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same.

5. That the defendant Marson Contracting Co., Inc. be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds pursuant to the direction contained in such judgment; and that the defendant Marbro Realty Co., Inc. be adjudged to pay the amount due upon a deficiency after foreclosure pursuant to the Marbro Guaranty, together with interest thereon.

6. That in the event that Plaintiff possesses any other lien(s) against said Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceedings(s), including, without limitation, any surplus money proceedings, and that the plaintiff may have such other and further relief, or both, in the Premises, as may be just and equitable.

7. That this Court, if requested, forthwith appoint a Receiver of the rents, issues and profits of said Mortgaged Premises with the usual powers and duties;

8. That Capital One, National Association, may have such other and further relief, or both, in the Mortgaged Premises, as Plaintiff may request or as this Court deems just and equitable.

Dated: New York, New York
November 23, 2011

LeCLAIRRYAN, a Professional Corporation

_____
Michael T. Conway
885 Third Avenue, Sixteenth Floor
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062

Attorneys for Plaintiff
  Capital One, National Association